FILED

APR 2 7 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA HAZELIP,

               Plaintiff,

v.

COMMISSIONER of Social
Security,
               Defendant.

CV. 09-583-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

       Plaintiff Cynthia Hazelip filed this action against defendant Commissioner of Social

Security, seeking judicial review of the Commissioner's decision finding Hazelip not disabled for

purposes of entitlement to disability insurance benefits and Supplemental Security Income

disability benefits under the Social Security Act. On January 29, 2010, the parties stipulated to

remand for further proceedings before the Social Security Administration and the court remanded

pursuant to sentence four of 42 U.S.C. § 405(g). Now before the court is Hazelip's unopposed

motion (#14) for attorney fees. For the reasons set forth below, Hazelip's motion is granted, and

Page 1 - OPINION AND ORDER

and she is awarded attorney fees in the total amount of $5,880.

## ANALYSIS

**I.     Plaintiff's Entitlement to Award of Attorney Fees and Costs**

Hazelip seeks attorney fees pursuant to the Equal Access to Justice Act (EAJA).  The

EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs awarded pursuant to subsection (a),
> incurred by that party in any civil action (other than cases sounding in tort),
> including proceedings for judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of that action, unless the court
> finds that the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Moreover, the definition of a "party" eligible to seek fees under §

2412 includes, in relevant part, "an individual whose net worth did not exceed $2,000,000 at the

time the civil action was filed."  28 U.S.C. §  2412(d)(2)(B)(i).  Finally, a plaintiff who obtains a

remand order under sentence four of 42 U.S.C. § 405(g) must file an application for EAJA fees

within thirty days of the expiration of the time for appeal.  *Shalala v. Schaefer*, 509 U.S. 292,

(1993).  Where no "final judgment" has been formally entered following the remand order,

however, "the time to file an EAJA petition has not run."  *Holt v. Shalala*, 35 F.3d 376, 380 (9th

Cir. 1994).

Here, it is undisputed that Hazelip falls within the scope of § 2412(d).  Moreover, the

record establishes that no final judgment has been formally entered and thus Hazelip's

application is timely.  The Commissioner tacitly concedes that Hazelip was the prevailing party

and that the government's position was not substantially justified.  Hazelip is therefore entitled

under the EAJA to her attorney fees and costs reasonably incurred in connection with this action.

## II.      Attorney Fees

Courts begin their analysis of a reasonable attorney fee by calculating the "lodestar," which is the "number of hours expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-564 (1986). Here, Hazelip relied on the services of Tim Wilborn and Ralph Wilborn. According to the time records submitted in support of Hazelip's petition, Ralph Wilborn expended 23.5 hours on Hazelip's case in 2009, and Tim Wilborn expended 7.6 hours 2009 and 3.05 hours in 2010. Hazelip requests that both attorneys be compensated at an hourly rate of $ 172.24. In total, Hazelip seeks an award of $5,880.00 in attorney fees.

### A.      Hours Reasonably Expended

"The district court has a great deal of discretion in determining the reasonableness of the fee." *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992). The fee claimant bears the burden to demonstrate that the number of hours spent was reasonably necessary to the litigation and that counsel made a "good faith effort to exclude from [the] fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989). Moreover, the fee claimant must also "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly" *Hensley*, 461 U.S. at 433.

Here, my analysis of the time records submitted in support of Hazelip's petition establishes that the time her counsel expended in litigation was reasonable. I therefore find that Hazelip is entitled to compensation for all 34.15 hours expended by her attorneys in the course of this litigation.

Page 3 - OPINION AND ORDER

**B.    Reasonable Rate**

Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  Courts calculate "cost-of-living increases . . . by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $ 125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005).

Here, as noted above, Hazelip seeks an hourly rate of $172.24 for work performed in 2009 and 2010.  Hazelip does not seek any "special factor" increase in the statutory rate cap, but she does apparently seek adjustment based on increases in cost of living.  I take judicial notice that the applicable statutory rate cap as adjusted for increases in cost of living is $172.24 in 2009. Statutory Maximum Rates Under the Equal Access to Justice Act, *at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (April 23, 2010).  The CPU-I for the Western States is 220.81 for March 2010 and 156.4 for March 1996, resulting in $176.48 as the applicable statutory rate cap as adjusted for increases in cost of living through March 2010.  Consumer Price Index Detailed Report Tables, U.S. Department of Labor, Bureau of Labor Statistics, *at* http://www.bls.gov/cpi/tables.htm (April 23, 2010).  Because the adjusted rate caps either equal or exceed the rate that Hazelip has requested, the requested rate is necessarily reasonable for EAJA purposes.

**C.    Calculation and Adjustment of the Lodestar Figure**

The product of 34.15 hours reasonably expended by Hazelip's counsel and the requested

Page 4 - OPINION AND ORDER

hourly rate of $172.24 is $5,882.  Thus, the lodestar calculation results in a total of $5,882.00 in attorney fees reasonably incurred in the course of this litigation.  I do not find that adjustment of the lodestar figure is warranted here.  I therefore award Hazelip the full $5,880 she seeks in attorney fees.

## CONCLUSION

For the reasons set forth above, Hazelip's motion (#14) is granted, and the Commissioner is ordered to pay Hazelip's attorney fees in the amount of $5,880.

Dated this 26th day of April, 2010.

Honorable Paul Papak
United States Magistrate Judge